## Smith *v.* Cole.

A petition for a review will be dismissed if the petitioner is entitled of right to review; and this right he has by the statute, where an issue of fact has been joined.

PETITION FOR REVIEW. Smith commenced an action against Cole before a magistrate and obtained a judgment,

from which Cole appealed to the court of common pleas. The action was committed to an auditor, who made his report; but, prior to the term at which the report was made, Smith's counsel died, and he had employed new counsel, whom he instructed to go to the jury with the case, if the report was adverse. The counsel so instructed did not, through inadvertence, pursue the instructions, and judgment was rendered in the court of common pleas on the report for the appellant. The petition was filed within a year afterward.

*Kittredge*, for the petitioner.

*Weeks & Sargent*, for the defendant.

WOODS, J. This is a petition to this court for leave to review an action in which judgment has been rendered in the court of common pleas, through accident, mistake or misfortune.

The Revised Statutes, chapter 192, make provision for a review of actions. By the first section, the provision is made for all cases in which any issue of fact has been joined. These may always be reviewed, except those in which by law a sufficient provision is made.

The second section provides for granting a review by the superior court. This may be done in any other case than the case provided for in the first section, if it appear that, through misfortune, justice has failed to be done.

In the case now before us an issue of fact was joined. The question is, whether a petition will, in such case, be entertained by this court.

The right to review an action at all is derived wholly from the statute quoted, and, whether upon petition or without a petition, can be enjoyed only upon the terms which the statute has provided. The party cannot review,

as a matter of right, except where an issue of fact has been joined, and neither accident, mistake nor misfortune afford any ground for the interference of the superior court to grant a review except in the case provided; that is, cases other than that for which provision is made in the first section. Every case in which an issue of fact has been joined is provided for in the first section, unless it be a case "in which by law a different provision is made." In that case it is certain that the first section makes no provision for it at all.

The case before us is one in which an issue of fact has been joined. Is it excepted out of the provisions of the first section, for the reason that a "different provision is made" for it?

It is said to have the element of misfortune, and therefore to come within another provision contemplated in the first section, namely, the first provision made in the second for cases of misfortune.

But, in cases in which issue has been joined, is a party ousted of his review of right, if it can be shown that judgment has been rendered against him through accident, mistake or misfortune? Surely not; for misfortunes, accidents and mistakes so frequently attend trials of issues of fact that it would be easy to show, in almost every instance in which a party has lost his case, that accident, mistake or misfortune has something or other to do with it; and so there could scarcely be a review of right.

Therefore the present case, being one in which an issue of fact has been joined, is not excepted out of the provisions of the first section by reason of its having the feature of accident, mistake or misfortune. It is, therefore, a case in which the party petitioning might have had his review as of right.

It is, therefore, not a case that is provided for at all in the second section, because that provides only for "other" cases.

Smith *v.* Cole.

The court having power to grant reviews only by force of the second section, and having no power to grant them except in cases there provided, has no power to grant a review in the present case.

The two classes of cases appear to have been carefully and neatly distinguished, as if to avoid leaving any in the ambiguous position that would give an option to a party between asserting his right promptly within a year, and coming tardily with a plea of misfortune in a case in which his active participation must have made him aware of all its points, as the joinder of an issue of fact supposes.

The policy of the law may have been to require parties that have joined an issue to proceed without unnecessary delay to its determination. The case of misfortune that prevents a party, having the right, from joining the issue, appeared to justify the indulgence as to time, while it imposed the countervailing burden of making out a case of misfortune and of justice.

*Petition dismissed.*